# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JULIE MENDELSON APPLETON,**

    **Plaintiff,**

v.                                                       **Case No: 5:15-cv-323-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on the Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand in which Defendant requests the Court to remand this case so that the Commissioner can take further administrative action. (Doc. 25). Plaintiff has not filed a response and her time for doing so has passed.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist

acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon review of the record and filings, I agree with the parties that it is appropriate to remand this matter to the Commissioner.  Accordingly, it is **ORDERED**:

1. The Commissioner's Motion (Doc. 25) is **GRANTED** and this action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

> Upon remand, the Appeals Council will instruct the Administrative Law Judge to evaluate the treating source opinion of Allison Haney, M.D., pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-8p, and explain the weight given to such opinion evidence; further consider the claimant's maximum residual functional capacity, with specific reference to the opinion evidence of record (20 CFR404.1545, 416.945 and Social Security Rulings 85-16 and 96-8p); clarify the claimant's alleged onset date; and, if warranted, obtain evidence from a vocational expert (20 CFR 404.1565, 416.966 and Social Security Ruling 00-4p).

2. The Clerk is directed to enter judgment accordingly and close the file.

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter.  Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on March 1, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties